IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE CAJIGAS-MORALES

Plaintiff

vs                                                          CIVIL 05-1263CCC

EDNA RODRIGUEZ-CARABALLO,
JUAN A. FLORES-GALARZA
XENIA VELEZ-SILVA
ANA MARIA BIGAS
COMMONWEALTH OF PUERTO RICO'S
DEPARTMENT OF INTERNAL REVENUE
JOHN DOE
JANE ROE

Defendants

## OPINION AND ORDER

The action before us arises from lengthy series of events arising from an audit by the
Puerto Rico Department of Treasury (Department) of plaintiff Jorge L. Cajigas-Morales' 1990
income tax return and the ensuing notice of a tax deficiency.  As a result of these events,
plaintiff has filed this suit pursuant to the Civil Rights Act, 42 U.S.C.§§1983 and 1988,
alleging violations of his constitutional rights under the Fifth, Ninth, Tenth, and Fourteenth
Amendments as well as violations of his rights under Puerto Rico law.  The defendants, the
Department and employees at the time of the events; auditor Edna Rodríguez-Caraballo, Deputy
Secretary Ana María Bigas-Kennerly, Xenia Vélez-Silva, Secretary until 2000, and Juan A.
Flores-Galarza, Secretary from 2000 through 2004,  filed a Motion to Dismiss (**docket entry
15**) alleging that the action is frivolous and that we lack jurisdiction.  Plaintiff opposed the
motion (**docket entry 19**).

According to the material allegations contained in the complaint, which we take as true
for the purposes of this motion, after having filed his 1990 income tax return, plaintiff was
notified by the Department in late 1991 that his return had been incorrectly filled out and that
he would be notified of the outcome of investigation and possible deficiency, ¶15.  At the end

CIVIL 05-1263CCC                              2

of 1994 he received a notification for payment due in the amount of $1,514.64, which he paid in full, ¶16.

In March,1995 defendant Rodríguez-Caraballo informed  plaintiff that she was going to audit[1] his income tax returns for the years 1990 to 1992 ¶¶17-18.  As a result of the audit of the 1990 tax year, a dispute issue arose with regard to income taxes allegedly due on land received by the plaintiff as payment for professional services rendered from 1983 to 1988. Cajigas-Morales received the land in 1988, but the deed transferring its title to him was not executed until 1990.  Additionally, plaintiff challenged the appraisal value given to the property ¶¶22-26.

In December, 1996 plaintiff was notified that he owed an additional $130,000.62 in income taxes for 1990¶28.  He requested reconsideration and an administrative hearing.  The hearing was scheduled for August 27, 1996 before Iris Nieves, a Certified Public Accountant ¶29.  Plaintiff contends that Rodríguez-Caraballo did not appear at the hearing, that no other official or employee attended in representation of the Department, ¶30, and that he was "deprived of  his due process right to confront the evidence against him and present evidence in his favor"( ¶31).

Cajigas-Morales states that on December 31, 1998, the Department's Office of Administrative Appeals sent him a final notice of deficiency for the amount of $175,108.12, which reflected an increase of $45,107.50 over the amount notified in December, 1996 (¶32).  Plaintiff made various unsuccessful attempts to settle the matter with the Department. On January 28, 1999 Cajigas-Morales filed a complaint against the Department in the Superior

---

[1]Plaintiff uses the words "investigation" and "audit" synonymously.  The initial review of the 1990 tax return dealt with the determination of a deficiency of tax payment due to an error in filling out the form.  Because an audit is an examination of records and accounts to check their accuracy, (see, dictionary.com), and plaintiff describes Rodríguez-Caraballo as an auditor, we will consider her examination of plaintiff's tax return as an audit and not the investigation of an error in filling out the return or a computational error.

CIVIL 05-1263CCC                           3

Court of Puerto Rico.  It was later dismissed for lack of jurisdiction.  The dismissal was affirmed by the Puerto Rico Court of Appeals on February 7, 2000.

During the time that the suit was pending, plaintiff made a settlement offer to defendant Vélez-Silva, which was never answered¶36.  He wrote a letter to defendant Ana María Bigas-Kennerly in which he complained about the violations to his due process rights¶37.

On September 28, 2000 Cajigas-Morales received a notice of lien on his principal residence.  He notified the Department that he could not pay the alleged deficiency and requested that the Department proceed to seize the property.  Plaintiff states that as of the date of filing the complaint, this has not been done ¶38.  Plaintiff further states that he has written

> several letters to Defendant Juan Flores Galarza, Secretary of the Department for the years 2000-2004 . . . describ[ing] in detail his situation and the gross violations of his due process right on the part of the officials of the Department. He, again, pleaded for the Department to collect the debt by seizing the property it had placed the lien on.  Even though Defendant Flores Galarza was aware of the gross violations of Plaintiff's civil rights, he crossed his arms and did nothing about it.  He never even answered a single letter or requested an[] investigation of Plaintiff's case and the violation of his due process right.

> Due to Defendants' violation of Plaintiff's due process right and the Department's refusal to collect the alleged debt by seizing the property, the alleged amount owed by Plaintiff has risen from $130,000.62 to $249,219.53 as of January 13, 2005.

¶¶39-40.

Defendants base their motion to dismiss on three points:  1) that the complaint is barred by the statute of limitations, 2) that the subject matter of the complaint has been adjudicated by the state court of Puerto Rico and the matters herein are therefore *res judicata*, and 3) that the Department of Treasury is entitled to Eleventh Amendment immunity.

Plaintiff bases his opposition on the fact that the Puerto Rico courts never adjudicated his case on the merits and that: "From June 2004 to July, 2004 plaintiff sent several letters to the Department restating that his due process had been violated since an administrative hearing never

CIVIL 05-1263CCC                    4

took place and pleading for his property to be seized before it lost all of his equity."[2]  He also
avers that he is not requesting money damages from the Department and only seeks "any
equitable remedies that this Honorable Court may order as it deems proper."[3]

We first examine the matter of the scheduled August 27, 1996 administrative hearing,
the ensuing deficiency assessment, and the state court lawsuit arising from those actions.  It is
unclear from the complaint before us whether Cajigas-Morales raised his due process claim—that
he was denied the opportunity to confront the evidence against him and present evidence in his
favor at the August 27,1996 hearing.[4]   Nor do we know whether the actions of the
Department's employees to which he now objects, i.e. the auditing of his 1990 tax return even
though a deficiency notice resulting from an error in the return had been paid in full; his
allegation of "double taxation;" the addition of the real property received as payment in 1988
to his 1990 income and the disputed over the property's value; as well as the amount and
increases in the tax deficiency are all matters that could have been raised before the state court.[5]

While it is undisputed that the state court complaint was dismissed for lack of jurisdiction;
that is, there was no adjudication on the merits of any of the matters identified above, the issue
of whether *res judicata* applies in this situation is immaterial inasmuch as we are impeded from
examining the merits of this case by the Rooker-Feldman doctrine.   The Rooker-Feldman
doctrine is the product of two Supreme Court cases holding that lower federal courts are without
subject matter jurisdiction to hear (1) claims actually decided by a state court, Rooker v. Fidelity

_____

[2]Plaintiff's opposition at p. 9.

[3]Id., at 11.

[4]Plaintiff, at page 7 of his opposition states contradictorily that "the hearing was a sham" and
"it never took place."

[5]According to the state court judgment, infra, at page 2 (certified translation), plaintiff
appealed the December 31, 1998 determination of the amount of the deficiency, as well as, the
general determination of the Department of the Treasury.

CIVIL 05-1263CCC                              5

Trust Co., 263 U.S. 413, 415-16 (1923) or (2) claims that are "inextricably intertwined" with a state court judgment. District of Columbia Court of Appeals v. Feldman, 460U.S.462, 483 n.16 (1983).

The Rooker-Feldman doctrine is, essentially, the negative inference of 28 U.S.C. 1257(a):[6] if appellate review of state court judgments is vested in the United States Supreme Court, it follows that such review is not vested in lower federal courts. By confining state cases to state appellate systems, Rooker-Feldman preserves the state plaintiff's forum choice. More importantly, it respects the values of federalism implicit in our parallel system of independent state and federal courts, with the United States Supreme Court at the apex of both—a structure established by the first Judiciary Act of 1789 and adhered to ever since. See, Crutchfield v. Countrywide Home Loans, 389 F.3d. 1144,1147 (3rd Cir 2004).

The Rooker-Feldman doctrine prohibits "a party losing in state court from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. Id., at 1146.

The November 18, 1999 judgment of the Court of First Instance of Puerto Rico in Cajigas-Morales v. Commonwealth of Puerto Rico Department of the Treasury, Civil No: ACC 1999-0012 determined that the court was without jurisdiction because the plaintiffs had failed to comply with Subsection A(2) of Section 272 of Puerto Rico's 1954 Income Tax Act which states, in pertinent part:

> Whenever a taxpayer disagrees with the final determination of deficiency notified by the Secretary [of the Treasury] . . . the taxpayer can go against said determination before the Superior Court by filing a complaint in the way provided by law, after posting a bond on behalf of the Secretary of the Treasury and subject to its approval, in the amount stated in the mentioned notification of the final determination.

---

[6]Section 1257(a) provides for Supreme Court review of certain final judgments rendered by the highest court of a state.

CIVIL 05-1263CCC                              6

        The preclusion covers those issues actually litigated and adjudicated  and extends to those issues  which could have been litigated and adjudicated in the previous suit.  Del Carmen Tirado v. Department of Education,  296 F. Supp.2d.127,130 (D. Puerto Rico, 2003).  Were we to review plaintiff's claims on their merits, we would first have to vacate the Commonwealth courts' determination that the suit was barred by plaintiffs failure to comply with the prerequisites to appealing the administrative decision.

        Additionally, the statute of limitations for civil rights claims under §§1983 and 1988 is determined by a state's statute of limitation for personal injury actions.  Owens v. Okure, 488 U.S. 235 (1989).  Puerto Rico's limitations period for this purpose is one year.  Title 31 L.P.R.A. §5298.

        As noted by the plaintiff in his opposition, at page 17, the individual defendants were not sued in the state court suit.  As with the claims brought against the Department, the violations alleged against the individual defendants, e.g. the audit by Rodríguez-Caraballo and the allegedly sham hearing prior to issuance of the final notice of tax deficiency, occurred more than eight years before plaintiff filed his suit, which was filed more than seven years after the statute of limitations had run.  Although Cajigas-Morales refers to various contacts with defendants and letters written to Secretary of Treasury Galarza in which he complains of the treatment  he received during the tax-review process, plaintiff does not allege any further actions violating his civil rights.

        For the above-stated reasons, we find that plaintiff's complaint fails to state a claim within the jurisdiction of this court .  Accordingly the defendants' Motion to Dismiss (**docket entry 15**) is GRANTED and the action is DISMISSED.

        SO ORDERED.

        At San Juan, Puerto Rico, on March 3, 2006.

                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge